UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FLORENCE TURCOTTE,<br><br>        Plaintiff,<br><br>    v.<br><br>ABM JANITORIAL SERVICES, CHARLIE JONES, JANE DOE JONES, and the marital community formed thereby,<br><br>        Defendants. | CASE NO. C10-345 MJP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the Court on Defendants' motion for summary judgment. (Dkt. No. 19.) Having received and reviewed Defendants' motion, Plaintiff's response in opposition to Defendants' motion for summary judgment, (Dkt. No. 23), Defendants' reply in support of the motion for summary judgment, (Dkt. No. 31), all related declarations and exhibits, and having heard oral arguments on March 16, 2011, the Court DENIES Defendants' motion for summary judgment.

//

**Background**

Plaintiff brings this action against her former employer, ABM Janitorial Services ("ABM"), as a result of her termination as part of a reduction in force ("RIF") in late 2008. Plaintiff alleges age discrimination was the reason her supervisor, Charlie Jones ("Jones"), selected her to be laid off. She is suing ABM, Jones, Jane Doe Jones, and the marital community formed thereby (collectively "Defendants") pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.010 et seq.

In August 2000, Plaintiff began working at ABM's Bellevue branch as a Branch Human Resources Coordinator ("HR Coordinator"). (Dkt. No. 24, Ex. C.) In October 2002, Plaintiff was laid off as part of a RIF. (Dkt. No. 19, Ex. 4.) After three or four weeks, Jones offered Plaintiff a temporary position working at the Microsoft branch. (Turcotte Dep. at 13:25-14:7.) At some point, this position became regular. (Id. at 14:14-18.)

In September 2006, ABM created a Regional HR Coordinator position for Plaintiff. (Jones Dep. at 60:19-21.) Plaintiff was pleased with this new position, but she did not consider it a promotion and was not given a raise. (Turcotte Dep. at 15:10-16:11.) In this new position, Plaintiff reported directly to Jones. (Dkt. No. 19, Ex. 5.)

In or about August 2008, Jones asked Plaintiff to "coordinate human resource functions for the Bellevue office[.]" (Turcotte Dep. at 16:22-24.) That November, ABM made the decision to close the Bellevue branch as part of a RIF. (Jones Dep. at 94:2-6.)

On November 19, 2008, Jones informed Plaintiff that the Bellevue office would be closed and Plaintiff would "no longer have a position." (Turcotte Dep. at 18:9-14.) According to Jones, Defendants offered Plaintiff an HR Coordinator position in Seattle as an alternative to

termination. (Jones Dep. at 77:20-22.)  Jones testified that Plaintiff indicated she would prefer retirement over working at the Seattle branch.  (Id. at 78:1-4.)  Plaintiff testified that Jones did not offer her the HR Coordinator position.  (Turcotte Dep. at 29:17-24.)

Plaintiff did, however, indicate that before her termination was effective on December 31, 2008, she met a second time with Jones at the Seattle office to discuss "the position ending at Bellevue again."  (Id. at 19:12-20:9.)  Plaintiff testified that Jones said he could place Plaintiff in the Seattle branch but "they didn't want [her] there."  (Id. at 20:14-15.)  Plaintiff understood "they" to mean the Branch Manager, district managers, and other employees in the Seattle branch.  (Id. at 21:10-13.)  Plaintiff also testified that at the second meeting, Jones told her, "because of [her] age, [she] would be able to retire and collect [her] Social Security."  (Id. at 20:17-19.)  At oral argument, Plaintiff's counsel asserted that Jones made this comment in response to Plaintiff's inquiry regarding why she had been selected to be laid off.

After Jones first informed Plaintiff the Bellevue branch would be closing, he delivered Plaintiff a letter documenting the conversation, which reflected Plaintiff's alleged "desire to retire rather than work in the Seattle branch[.]"  (Dkt. No. 24, Ex. I.)  Plaintiff signed the letter, which wished her a happy retirement.  (Id.)  Plaintiff testified that she signed the letter based on Jones' representation that her signature did not indicate agreement with the content but simply acknowledged receipt.  (Turcotte Dep. at 53:23-54:2.)

## Discussion

Defendant moves for summary judgment as to both the federal and state claims. Summary judgment is proper if, after viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Genuine issues of

material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Id. at 255. The Ninth Circuit "has set a high standard for the granting of summary judgment in employment discrimination cases … 'because the ultimate question is one … that is most appropriately conducted by the factfinder, upon a full record.'" Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1410 (9th Cir. 1996) (quoting Lam v. University of Hawaii, 40 F.3d 1551, 1563 (9th Cir. 1994)).

**A. ADEA Claim**

To prevail under an ADEA claim, Plaintiff's ultimate burden is "to establish that age was the 'but-for' cause of the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2351 (2009).

1. Direct Evidence

Defendants argue summary judgment is appropriate because Plaintiff has not produced direct evidence of age discrimination. The Court finds Plaintiff has produced sufficient direct evidence of discrimination to survive summary judgment.

Summary judgment is inappropriate when a plaintiff has "presented direct evidence that would support an inference that [her] employment was terminated because [of her age.]" Enlow v. Salem-Keizer Yellow Cab Co., Inc., 389 F.3d 802, 813 (9th Cir. 2004). "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." Coghlan v. Am. Seafoods Co. LLC., 413 F.3d 1090, 1095 (9th Cir. 2005) (internal quotations omitted). "[A] single discriminatory comment by a plaintiff's supervisor or decision maker is sufficient to preclude summary judgment for the employer." Dominguez-

Curry v. Nev. Transp. Dep't, 424 F.3d 1027, 1039 (9th Cir. 2005) (reversing summary judgment in Title VII action where plaintiff presented evidence of sexist comments). When senior decision makers make discriminatory remarks "regarding assignments, promotions, or policies … the remarks [are] certainly relevant and, along with other substantial evidence, create[] a strong inference of intentional discrimination." Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). However, stray remarks are insufficient to withstand summary judgment. E.g., Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990); Rose v. Wells Fargo & Co., 902 F.2d 1417, 1423 (9th Cir. 1990); Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir. 1993).

Whether an apparently discriminatory remark is sufficient to establish direct evidence of unlawful discrimination depends on the context in which the remark was made. In Mangold, the court held the remarks, "we want fresh young blood," "we have an excellent staff of young professional people," "older employees, unfortunately don't take advantage of all the opportunities," and "keep as many of our younger, talented staff employed" were relevant to proving age discrimination. 67 F.3d at 1466-77. These comments expressed a preference for youth and were "regarding assignments, promotions, or policies[.]" Id. at 1477. In Nesbit, on the other hand, summary judgment in favor of the employer was appropriate because a supervisor's comment that the company does not "necessarily like grey hair" and a comment by the Senior Vice President of Personnel, "[w]e don't want unpromotable fifty-year olds around" were "very general and did not relate in any way, directly or indirectly, to the terminations of [the plaintiffs]." 994 F.2d at 705.

Here, Plaintiff testifies that at a meeting called to discuss her termination, Jones told her, "because of [her] age, [she] would be able to retire and collect [her] Social Security." (Turcotte

Decl. at 20:17-19.) At oral argument, Plaintiff's counsel asserted Jones made this comment in response to Plaintiff's question as to why she had been laid off. Defendants argue that Jones' comment was not an answer to Plaintiff's question and, therefore, cannot be sufficient to get Plaintiff past summary judgment. The record does not perfectly reflect counsel's characterization of the event. It is simply ambiguous with respect to what may have prompted Jones' comment. This is a disputed material question of fact most appropriately settled by a jury, "upon a full record." Lam, 40 F.3d at 1563. Even without the clarity Plaintiff's counsel suggests, the meeting itself was scheduled to discuss Plaintiff's termination. In this context, the comment suggests that Plaintiff's age was at least a motivating factor for the decision, and, as such, it would permit a jury to conclude that age was the "but-for cause" of Plaintiff's termination. Gross, 129 S. Ct. at 2351. This is sufficient to defeat summary judgment. Jones' comment is unlike the stray remarks in Nesbit because it was made in connection with a conversation regarding Plaintiff's termination. Taken in this context, Jones' "single discriminatory comment … is sufficient to preclude summary judgment for the employer." Dominguez-Curry, 424 F.3d at 1039.

     Defendants also argue that Jones' comment is insufficient direct evidence because it was made after Jones' had made, and communicated, the decision to terminate Plaintiff. The Court finds this argument unpersuasive. The fact that Plaintiff did not learn of Jones' alleged reason for selecting her to be terminated in the RIF until after she had learned of her termination does not prove the absence of animus or consideration of Plaintiff's age at the time the decision was made. Plaintiff had been called to the Seattle branch to speak with Jones about her termination shortly after she received the notice. (Turcotte Dep. 20:2-9.) Because the comment was made in the context of a discussion about Plaintiff's termination, it is not a stray remark. It was also not

the first time Jones mentioned Plaintiff's retirement: the letter Jones prepared following the initial meeting on November 16 specifically wishes Plaintiff a happy retirement. (Dkt. No. 24, Ex. I.)

For these reasons, the Court finds Plaintiff has produced direct evidence of age discrimination and denies Defendants' motion for summary judgment.

2. McDonnell Douglas

In light of the Court's finding that Plaintiff has produced direct evidence of discrimination, it is unnecessary to engage in the McDonnell Douglas analysis. Enlow, 389 F.3d at 812.

3. Same-Actor Inference

Defendants argue that because Jones found Plaintiff temporary work after her 2002 lay off and gave her the Regional Coordinator position in 2006, the Court should apply the same-actor inference in evaluating the motion for summary judgment. The Court does not find this argument persuasive.

"[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions occur within a short period of time, a strong inference arises that there was no discriminatory motive." Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270-71 (9th Cir. 1996). The inference is also appropriate when, aside from hiring, the same actor promotes or takes other favorable action toward the plaintiff. Coghlan, 413 F.3d at 1097. It is the "decision maker's perception … that controls whether the same-actor inference arises." Id. at 1097-98.

Defendants argue that Jones rehired Plaintiff in 2002 shortly after her lay-off and made the decision to offer her the position of Regional Safety Coordinator in 2006. The 2002 decision

1  is not "within a short period of time" and does not give Defendants the benefit of a presumption

2  against discrimination.  <u>Bradley</u>, 104 F.3d at 271.  This is especially true in an age discrimination

3  case, where the advance of time may change whether an employee is in the protected class and

4  may cause an employer to develop a bias as the employee grows older.  Additionally, Jones'

5  testimony fails to establish that <u>he</u> viewed the 2006 transfer as a promotion, (Jones Dep. at

6  60:23-61:3), and Plaintiff did not receive a raise.  (Turcotte Dep. at 16:9-11.)  As a result, the

7  Court does not find the same-actor inference applies to Jones.

8  **B.  <u>Washington Law Against Discrimination ("WLAD") Claim</u>**

9       Plaintiff's ultimate burden under the WLAD is less onerous than under the ADEA.  A

10  successful ADEA plaintiff must establish that age is the but-for cause of an adverse action, but,

11  under the WLAD, a plaintiff only needs to prove that age was a substantial factor in the

12  employer's decision.  <u>Compare</u> <u>Gross</u>, 129 S. Ct. at 2351 <u>with</u> <u>Mackay v. Acorn Custom</u>

13  <u>Cabinetry, Inc.</u>, 127 Wn.2d 302, 310 (1995).

14       Because Plaintiff's evidence is sufficient to survive a motion for summary judgment as to

15  her ADEA claim, her WLAD claim, with its lower burden of proof, necessarily survives.  The

16  Court denies Defendants' motion for summary judgment with respect to Plaintiff's WLAD

17  claim.

18  **C.  <u>Defendants' Motion to Strike</u>**

19       Defendants ask the Court to strike Plaintiff's proffered business card (Dkt. No. 24, Ex. H)

20  and statements made in the declarations of Plaintiff, (Dkt. No. 25), Gina Vance, (Dkt. No. 26),

21  Jan Seif, (Dkt. No. 27), Edisa Musinovic, (Dkt. No. 28), Marline Pedregosa, (Dkt. No. 29), and

22  Fred Prockiw.  (Dkt. No. 30.)  The Court, basing its denial of Defendants' motion for summary

23  judgment on Plaintiff's direct evidence of discrimination in the form of Jones' comment, has not

24

1  considered the evidence challenged by Defendants. As a result, the Court denies the motions to
2  strike as moot.

3  **Conclusion**

4  Plaintiff has produced direct evidence that would support a finding of intentional age
5  discrimination. As a result, the Court DENIES Defendants' motion for summary judgment. The
6  Court reaches this decision without considering the evidence challenged by Defendants' motions
7  to strike. As a result the Court DENIES Defendants' motion to strike as MOOT.

8  The clerk is ordered to provide copies of this order to all counsel.

9  Dated this 25th day of March, 2011.

Marsha J. Pechman
United States District Judge